UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANZA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., a California Corporation, <br><br> Defendant. | CIV. NO. 2:17-01688 WBS DB <br><br> <u>ORDER RE: MOTION TO DISMISS AND MOTION TO TRANSFER</u> |

----oo0oo----

Plaintiff Anza Technology, Inc. ("Anza") brought this action against Toshiba America Electronic Components, Inc. ("Toshiba") claiming defendant infringed its patent, U.S. Patent No. 7,389,905 ("the '905 patent"). The questions presented on defendant's Motions are whether the case should be transferred to either the Northern or Southern District of California for the

convenience of the parties and witnesses or in the interest of justice under 28 U.S.C. § 1404(a) ("Rule 1404(a)"), or whether the case should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). The court held oral argument on the motions on December 18, 2018.[1]

I. Factual and Procedural History

This case concerns defendant's alleged design, manufacture, assembly, or importation of integrated circuit chips which were made using certain tools and techniques to guard against electrostatic discharge, which tools and techniques allegedly infringe Claims 53 and 55 of the '905 patent.[2] In 2016, plaintiff filed nine other substantially similar actions against other defendants in the Southern District of California also asserting infringement of Claims 53 and 55 of the '905 patent.[3] All of these cases were assigned or reassigned to Judge

---

[1] This court until recently had another case brought by Anza involving a different but similar patent asserted against different defendants, Anza Technology, Inc. v. Mushkin, Inc., Civ. No. 2:17-656 WBS EFB. The court severed the claims in that case and transferred them to other districts without addressing the merits of a pending Rule 12(b)(6) motion.

[2] Claims 53 and 55 of the '905 patent describe certain methods for using a "flip chip bonding tool in microelectronic assembly" and a "flip chip bonding tool lip." (Compl. Ex. A (Docket No. 1-1).) Defendant contends that its products were not made using the techniques and tools covered by these claims.

[3] The nine cases are Anza Technology, Inc. v. Novatel Wireless, Inc., No. 3:16-cv-585-BEN-AGS; Anza Technology, Inc. v. Aerohive Networks Inc., No. 3:16-cv-1260-BEN-AGS; Anza Technology, Inc. v. Phoebe Micro, Inc., No. 3:16-cv-1262-BEN-AGS; Anza Technology, Inc. v. D-Link Systems, Inc., No. 3:16-cv-1263-BEN-AGS; Anza Technology, Inc. v. Hawking Technologies, Inc., No. 3:16-cv-1264; Anza Technology, Inc. v. Belkin International, Inc., No. 3:16-cv-1265; Anza Technology, Inc. v. TRENDnet, Inc., No. 3:16-cv-1266-BEN-AGS; and Anza Technology, Inc. v. Edge-Core

Roger T. Benitez, who has ruled on several motions to dismiss in those nine cases, and one of those cases is still pending, Anza v. Hawking Technologies, Inc., Case No. 3:16-cv-1264 (S.D. Cal.). In March 2017, plaintiff filed a similar action against another defendant in the District of Colorado also asserting infringement of Claims 53 and 55 of the '905 patent, Anza Technology, Inc. v. Xilinx, Inc., No. 5:17-cv-6302-LHK, and that case was recently transferred to the Northern District of California, where it is pending before Judge Lucy H. Koh.

Defendant is a California corporation with its principal place of business in Irvine, California, which is located in the Central District of California. (Mot. Transfer Kazi Decl. ¶ 3 (Docket No. 16-2) ("Kazi Decl.").) Defendant conducts most of its business from its facilities in Irvine and San Jose, California (which is located in the Northern District of California), where most of its employees are located.[4] (Kazi Decl. ¶¶ 7, 12.) Defendant's business is focused on the sale and marketing of its products that are manufactured overseas, and it is not involved in manufacturing or assembling these products. (Kazi Decl. ¶ 6.) Defendant currently has no offices, facilities, or employees in the Eastern District of California. (Kazi Decl. ¶¶ 8-9.) Defendant previously had a small branch office in Folsom, California, within the Eastern District, though that office was transferred to another corporation as part of a spin-off of certain businesses after this case was filed. (Kazi

---

Networks Corp., No. 3:16-cv-1267-BEN-AGS.

[4] Defendant has about 248 employees, with 131 employees in San Jose and 67 in Irvine. (Kazi Decl. ¶ 8.)

3

Decl. ¶¶ 5, 9; Mot. Transfer Reply Kazi Decl. ¶ 3 (Docket No. 22) ("Kazi Reply Decl.").) Defendant states that it does not have any files, records, or documentation related to this litigation in the Eastern District and that any employees with information regarding its sales and marketing of its products reside in or near San Jose and Irvine. (Kazi Decl. ¶¶ 10-11.) The majority of defendant's products have been and are currently shipped to customers in the Northern, Central, and Southern Districts of California. (Kazi Decl. ¶ 14.)

II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

"In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." Safarian v. Maserati N. Am., Inc., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citation omitted). This analysis may include a number of factors, such as the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the ease of access to the evidence, and the

4

feasibility of consolidating other claims. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal. Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Section 1404(a) affords district courts broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (internal quotation marks omitted).

The moving party has the burden of showing that transfer is appropriate. See Jones, 211 F.3d at 499; Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," Decker Coal, 805 F.2d at 843, and transfer must do more than "merely . . . shift the inconvenience from one party to another," Safarian, 559 F. Supp. 2d at 1071.

III. Analysis

1. Where the Action Could Have Been Brought

Because the statute contemplates transfer "to any other district or division where it might have been brought," 28 U.S.C. § 1404(a), the movant must make a threshold showing that venue and jurisdiction would be proper in the district to which it seeks transfer. Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009); F.T.C. v. Watson Pharm., Inc., 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009). Venue in a patent infringement case is analyzed as of the date the suit was filed. Personal Audio, LLC v. Google, Inc., No. 1:56-cv-350, 2017 WL

5988868, at *6-7 (E.D. Tex. Dec. 1, 2017).

The parties agree that the action could have been brought in the Northern District of California, where defendant, a California corporation, has a regular and established place of business, such that the action could have been brought in the Northern District. The parties also agree that the court has personal jurisdiction over defendant in the Southern District of California, though they dispute whether venue would be proper as to defendant in that district.

Venue in patent cases is governed by 28 U.S.C. § 1400(b), rather than the more permissive general venue statute, 28 U.S.C. § 1391. TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1518-19 (2017); Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 262 (1961) (Section 1400(b) is the "sole and exclusive provision controlling venue in patent infringement[ ] actions"). Under § 1400(b), patent infringement actions may only be brought in (1) "the judicial district where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation." TC Heartland, 137 S. Ct. at 1517.

Here, Toshiba is a California corporation and therefore under the Supreme Court's decision in TC Heartland, it resides in California for the purposes of § 1400(b). Although the Supreme Court did not specifically address residency in the context of states with multiple federal judicial districts, the defendant at issue in the TC Heartland case was an Indiana corporation

6

headquartered in Indiana, which sought transfer to the Southern District of Indiana.  Notwithstanding the presence of two judicial districts in Indiana, the Supreme Court held that for purposes of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation." TC Heartland, 137 S. Ct. at 1517. The Supreme Court did not state, contrary to plaintiff's construction of § 1400(b), that a defendant corporation resides only in the district in its state of incorporation that is home to its principal place of business.  (See Pl.'s Opp'n Mot. Transfer 4 (citing Cal. Irr. Servs., Inc. v. Bartron Corp., 654 F. Supp. 1, 2 (N.D. Cal. 1985).)

        Indeed, plaintiff's interpretation would make no sense, as many corporations are incorporated in one state and have their principal place of business in another.  And § 1400(b) does not state, and the Supreme Court has not held or implied, that a corporation resides only in the district that is home to its principal place of business, unless the corporation's state of incorporation and principal place of business are in different states.  Rather, implicit in the Supreme Court's statement that a domestic corporation resides only in its state of incorporation is the corollary that the corporation resides in every federal judicial district within the state where it is incorporated. Accordingly, because Toshiba is incorporated in California, it resides in every district in California for the purposes of § 1400(b), and this action could have been brought in both the Northern and Southern Districts of California.

        2.    <u>Convenience of the Parties and Witnesses</u>

        Here, plaintiff's principal place of business is in,

7

and the inventor of the '905 patent reside in, the Eastern
District, which weighs in favor of denying transfer. However,
plaintiff has filed at least nine other cases in the Southern
District of California asserting infringement of the same claims
of the same patent involved in this case, and the filing of these
substantially similar actions, one of which is still pending,
tends to show that it would be convenient for plaintiff to
litigate this case in the Southern District. Similarly, the
pendency of the Xilinx action in the Northern District, a case
which is also in its early stages and which could potentially
have coordinated proceedings with this case, tends to show that
it would be convenient for plaintiff to litigate this case in the
Northern District.[5]

Moreover, defendant has no employees or offices in the
Eastern District, and most of its employees and documents are
located in Irvine, which is relatively close to the Southern
District, or San Jose, which is located in the Northern
District.[6] In patent cases, "the preferred forum is 'that which
is the center of gravity of the accused activity.'" Peregrine

---

[5] The court also notes that plaintiff's counsel is based in San Francisco, which mitigates some of the inconvenience plaintiff would encounter if the case is transferred to the Northern District.

[6] Plaintiff points to defendant's former Folsom office as justification to deny the motion to transfer, though there is no indication that this office has any connection to defendant's allegedly infringing actions, and as previously stated, defendant has no records relevant to this litigation and no employees in the Eastern District. Thus, in considering defendant's motion, it gives little weight to the fact that defendant previously had an office in Folsom, including at the time the case was filed.

8

Semiconductor Corp. v. RF Micro Devices, Inc., No. 12-cv-911-IE (WMC), 2012 WL 2068728, at *6 (S.D. Cal. June 8, 2012) (quoting Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005)); see also Synopsis, Inc. v. Mentor Graphics Corp., No. C 12-5025 MMC, 2013 WL 1365946, at *5 (N.D. Cal. Apr. 3, 2013) ("[T]he center of the accused activity is the district in which the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product.") (citation omitted). Here, the center of gravity of defendant's allegedly infringing actions appears to be in both Irvine, relatively close to the Southern District, and the Northern District, as defendant marketed and sold its products from its offices in San Jose and Irvine.[7] Thus, these factors weigh more strongly in favor of transfer to the Northern District and to a lesser extent the Southern District.

   3. Interest of Justice

The interest of justice is served by transfer where it would further the "efficient and expeditious administration of justice." HTC Corp. v. Acacia Research Corp., No. SACV 15-378-CJC(DFMx), 2015 WL 9915938, at *3 (C.D. Cal. Sept. 10, 2015) (quoting Sherar v. Harless, 561 F.2d 791, 794 (9th Cir. 1977)). This factor "may be determinative to a particular transfer motion [] even if the convenience of the parties and witnesses might

---

[7] Defendant also represents to the court that if the case is transferred to the Northern or Southern District of California, it will make available for trial any of its employees that plaintiff can compel to attend trial in the Eastern District. (Kazi Decl. ¶ 15; Kazi Reply Decl. ¶ 6.)

9

call for a different result." Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997). An important consideration in analyzing this factor is the pendency of a related case in the transferee forum. Mussetter Distrib., Inc. v. DBI Beverage, Inc., Civ. No. 09-1442 WBS EFB, 2009 WL 1992356, at *4 (E.D. Cal. July 8, 2009) (citation omitted).

Here, plaintiff's other cases involving Claims 53 and 55 of the '905 patent are pending in both the Northern and Southern Districts. Given that both this case and the Xilinx action are in their early stages, the parties and the court may conserve time, energy, and money through coordinated proceedings of those two cases in the Northern District of California. While the Hawking case is nearing the claim construction stage of litigation, coordinated proceedings with that case in the Southern District of California may also result, to a lesser extent, in conservation of time, energy, and money. See Mussetter, 2009 WL 1992356, at *4-5. Further, transferring this case to either the Northern or Southern District of California will avoid the possibility of inconsistent judgments and further judicial economy by allowing one judge to manage two substantially similar cases, should the transferee court relate this case to a case already pending in that district, which appears likely. See id.

Overall, the presence of witnesses and related documents in San Jose, the center of gravity of the alleged infringing action, and most importantly the pendency of a related action at a similar stage in the Northern District weigh most strongly in favor of transferring the case to the Northern

10

District of California.

IT IS THEREFORE ORDERED that defendant's Motion to Transfer (Docket No. 16) be, and the same hereby is, GRANTED.[8] The Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of California for all further proceedings.

Dated: December 20, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[8] The court expresses no opinion on defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 15).