UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANZA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA AMERICA ELECTRONIC COMPONENTS INC, et al., <br><br> Defendants. | Case No. 17-CV-07289-LHK <br><br> **ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW** <br><br> Re: Dkt. No. 106 |

Before the Court is Defendants' Motion to Stay Pending Inter Partes Review ("IPR") filed on September 12, 2018. ECF No. 106 ("Mot."). Defendants state that they have filed petitions for IPRs on all asserted patent claims in this case so that the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") may review the patentability of all asserted claims. *Id.* Plaintiff opposed on September 26, 2018. ECF No. 111 ("Opp'n"). The Court agrees with Defendants and therefore STAYS this case.

The power to stay proceedings in a case is a matter within the Court's discretion. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–55 (1936)). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO

1
Case No. 17-CV-07289-LHK
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW

reexamination." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* (citation omitted).

Courts will consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* The Court finds that all three factors weigh in favor of granting the stay pending resolution of the IPRs.

The first factor the Court considers is whether the litigation has progressed significantly enough for a stay to be disfavored. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F.Supp.2d 1049, 1052 (N.D. Cal.2011). Specifically, courts have considered (1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date. *See PersonalWeb Tech., LLC v. Apple Inc.*, 69 F.Supp.3d 1022, 1025 (N.D. Cal.2014) (collecting cases). "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007).

This case is still in its infancy. Plaintiff's original complaint asserted infringement of U.S. Patent No. 7,389,905 ("'905 Patent"). ECF No. 1. On April 5, 2018, Plaintiff filed a motion for leave to file a First Amended Complaint that dropped the '905 Patent and asserted two new patents: U.S. Patent Nos. 6,354,479 and 6,651,864. ECF No 45-3. At the April 18, 2018 initial case management conference, the Court granted Plaintiff's motion. ECF No. 57. During this initial case management conference, the Court stayed discovery until the next case management conference. *Id.* The second case management conference was held on July 25, 2018. ECF No. 86. Since then, only limited discovery has taken place. *See* Mot. at 3–4; Opp'n at 16. The parties have not begun Claim Construction briefing, and as such, the Court has not issued a Claim Construction

2

Case No. 17-CV-07289-LHK
ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW

1  Order. See ECF No. 86. Although the Court did set a trial date, that date is not until February of

2  2020. *Id.* Thus, the Court concludes this first factor ways in favor of granting the stay.

3  Under the second factor, courts consider whether granting a stay could simplify the

4  litigation. The Court finds it will. "The standard is simplification of the district court case, not

5  complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13–

6  cv–01393–JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014).

7  Defendants have filed petitions for IPRs for all of the asserted patent claims. *See* Mot. at 5.

8  Therefore, staying the case pending the resolution of the petitions and the IPRs, if instituted, could

9  simplify the case because the PTAB could cancel or amend some or all of the asserted claims.

10  Thus, IPR review could clarify the scope and interpretation of the asserted claims. Furthermore,

11  staying the case will allow the Court to avoid any further unnecessary expenditure of judicial and

12  party resources. *See Evolutionary Intelligence LLC v. Yelp Inc*, No. C-13-03587 DMR, 2013 WL

13  6672451, at *6 (N.D. Cal. Dec. 18, 2013) ("[T]he Court will have wasted resources and the parties

14  will have expended funds addressing invalid claims or claims subsequently modified during

15  reexamination.").

16  Plaintiff's primary contention is that the IPRs will not be granted because Defendants

17  failed to disclose at least one real party in interest in its petitions. *See* Opp'n at 1–16. Despite this,

18  "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to

19  reexamine the patent." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL

20  4802958, at *3 (N.D. Cal. Oct. 11, 2011). Furthermore, either party may file a motion to lift the

21  stay if any part of the petitions for IPR are denied—so "any concern that the motion[] [is]

22  premature is alleviated by the short time frame of the initial stay and the Court's willingness to

23  reevaluate the stay if inter partes review is not instituted for all of the asserted claims."

24  *Evolutionary Intelligence LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *3

25  (N.D. Cal. Jan. 23, 2014). Indeed, as the Court orders below, the parties shall inform the Court

26  within two business days whether inter partes review has been instituted. Accordingly, the Court

27  concludes this factor weighs in favor of a stay.

28

Finally, the Court agrees with Defendants that Plaintiff will not be unduly prejudiced by a stay because (1) Plaintiff has not moved for any injunctive relief; and (2) Plaintiff is a non-practicing entity that does not compete with Defendants. *See* Mot. at 6. Plaintiff does not assert any prejudice except that Defendants delayed in filing their petitions. *See* Opp'n at 17. However, as the Court discussed above, this case is still in its infancy as the parties have only just started conducting discovery and have not filed any briefing related to Claim Construction. Defendants will be prejudiced by having to litigate claims that may be canceled or amended. As such, the Court finds this factor weighs in favor of a stay.

In light of the above discussion, the Court GRANTS Defendants Motion to Stay Pending Inter Partes Review. The case is hereby stayed until the Court orders otherwise. The parties shall inform the Court within two business days of the PTAB's decision on whether to institute inter partes review. The Clerk shall administratively close the file. This is a purely internal administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: September 28, 2018

_____
LUCY H. KOH
United States District Judge